UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARA BERTON,<br><br>  Plaintiff,<br><br>  v.<br><br>AETNA INC., et al.,<br><br>  Defendants. | Case No. 23-cv-01849-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO SEAL**<br><br>Re: Dkt. No. 72 |

Before the Court is Defendants Aetna Inc. and Aetna Life Insurance Company's ("Defendants") administrative motion to seal. Dkt. No. 72. The Court GRANTS the motion.

Previously, Defendants sought to file under seal the Master Services Agreement between Aetna Life Insurance Company ("Aetna") and Encore ("the MSA"). Dkt. No. 41. The Court denied the motion to seal the entire MSA but permitted Defendants to file a renewed motion to seal "specific, identified portions of the MSA containing truly sensitive information" within ten days of the Court's order. Dkt. No. 70 at 13.

Defendants ttimely filed a motion seeking to file under seal only limited portions of the MSA. Dkt. 72 ("Mot.") at 3. This includes Article 13.03 (Late Wire Transfer Charges/Late Fee Payments) and Article 22.01(A) through (F) (Insurance Coverage Amounts). *Id*. Plaintiff does not oppose the motion. *Id.* at 4.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records

1  and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178).  "[A] strong presumption in favor of
2  access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted).  To overcome this
3  strong presumption, the party seeking to seal a judicial record attached to a dispositive motion
4  must "articulate compelling reasons supported by specific factual findings that outweigh the
5  general history of access and the public policies favoring disclosure, such as the public interest in
6  understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations
7  omitted).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in
8  disclosure and justify sealing court records exist when such 'court files might have become a
9  vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
10 scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.
11 Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "The mere fact that the production of records
12 may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
13 without more, compel the court to seal its records." *Id.*

14     The Court must "balance[] the competing interests of the public and the party who seeks to
15 keep certain judicial records secret.  After considering these interests, if the court decides to seal
16 certain judicial records, it must base its decision on a compelling reason and articulate the factual
17 basis for its ruling, without relying on hypothesis or conjecture." *Id.*  Civil Local Rule 79-5
18 supplements the compelling reasons standard set forth in *Kamakana*:  the party seeking to file a
19 document or portions of it under seal "must explore all reasonable alternatives to filing documents
20 under seal, minimize the number of documents filed under seal, and avoid wherever possible
21 sealing entire documents . . . ." Civil L.R. 79-5(a).  The party must further explain the interests
22 that warrant sealing, the injury that will result if sealing is declined, and why a less restrictive
23 alternative to sealing is not sufficient.  *See* Civil L.R. 79-5(c).

24 **II.   DISCUSSION**

25     Defendants argue that there are compelling reasons to seal the two MSA provisions at
26 issue because they contain confidential and commercially sensitive information related to the fee
27 and minimum insurance coverage amounts that Aetna privately negotiated with Encore.  Mot. at 3.
28 Defendants assert that the public disclosure of these terms could cause commercial harm to

2

Defendants, Aetna's relationship with Encore, and Aetna's relationships with other customers by providing other customers and competitors with access to the specific terms Aetna entered into with one of its customers. *Id.* Further, Defendants have not already publicly disclosed this information in this litigation. *Id.*

The Court finds that the confidential pricing and insurance coverage information that Defendants propose to redact in the MSA satisfies the compelling reasons standard and outweighs the public's interest in viewing the information. *See Kazda v. Aetna Life Ins. Co.,* No. 19-CV-02512-WHO, 2022 WL 1225032, at *12 (N.D. Cal. Apr. 26, 2022) (holding that disclosing terms of MSA between Aetna and customer could harm Aetna by providing other customers and competitors with access to agreement terms and commercially sensitive information); *Hyams v. CVS Health Corp.*, No. 18-CV-06278-HSG, 2023 WL 2960009, at *2 (N.D. Cal. Mar. 15, 2023) (court may order sealing under the "compelling reasons" standard of confidential and proprietary business information when public disclosure of such information "could result in improper use by business competitors").

### III.  CONCLUSION

The Court **GRANTS** Defendants' motion to seal, Dkt. No. 72.  The Court **DIRECTS** Defendants to file a public version of the partially sealed document within ten days from the date of this order.

**IT IS SO ORDERED.**

Dated:   3/4/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

3