Rebecca Peterson-Fisher (State Bar No. 255359)
Jennifer L. Liu (State Bar No. 279370)
**KATZ BANKS KUMIN LLP**
235 Montgomery St. Suite 665
San Francisco, CA 94104
Tel: (415) 813-3260
Fax: (415) 813-2495
Email: peterson-fisher@katzbanks.com
liu@katzbanks.com

Barbara J. Chisholm (SBN 224656)
Danielle E. Leonard (SBN 208201)
Connie K. Chan (SBN 284230)
Robin S. Tholin (SBN 344845)
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: 415.421.7151
Fax: 415.362.8064
Email: bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com
cchan@altshulerberzon.com
rtholin@altshulerberzon.com

*Attorneys for Plaintiff and the Putative Class*

Hugh Baran (admitted *pro hac vice*)
**KATZ BANKS KUMIN LLP**
111 Broadway, Suite 1702
New York, NY 10006
Tel: (646) 759-4501
Fax: (646) 759-4502
Email: baran@katzbanks.com

Marilyn Robb (admitted *pro hac vice*)
**KATZ BANKS KUMIN LLP**
11 Dupont Circle NW, Suite 600
Washington, DC 20036
Tel: (202) 299-1140
Fax: (202) 299-1148
Email: robb@katzbanks.com

Michelle Banker (admitted *pro hac vice*)
Alison Tanner (admitted *pro hac vice*)
Noel León (admitted *pro hac vice*)
**NATIONAL WOMEN'S LAW CENTER**
1350 I Street NW, Suite 700
Washington, DC 20005
Tel: 202.588.5180
Email: mbanker@nwlc.org
atanner@nwlc.org
nleon@nwlc.org

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

OAKLAND DIVISION

| | |
|---|---|
| MARA BERTON, on behalf of herself and all others similarly situated,<br><br>　　Plaintiff,<br><br>　　v.<br><br>AETNA INC. and AETNA LIFE INSURANCE COMPANY,<br><br>　　Defendants. | Case No. 4:23-cv-01849-HSG<br><br>**DECLARATION OF REBECCA PETERSON-FISHER IN SUPPORT OF JOINT STIPULATION REQUESTING EXTENSION OF DEADLINE TO MOVE FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

**DECLARATION OF REBECCA PETERSON-FISHER**

I, Rebecca Peterson-Fisher, hereby declare as follows:

1. I am an attorney at the law firm of Katz Banks Kumin LLP, counsel of record for Plaintiff Mara Berton and the putative class in this action. I submit this declaration in support of the Joint Stipulation Requesting Extension of Deadline to Move for Preliminary Approval of Class Action Settlement pursuant to Civil Local Rules 6-2 and 7-12 and the Court's Standing Order for Civil Cases. I am fully familiar, based on personal knowledge, with the facts set forth in this declaration and if called as a witness in this action, I could and would testify competently to these facts.

2. On October 30, 2024, Plaintiff Mara Berton ("Plaintiff") and Defendants Aetna, Inc. and Aetna Life Insurance Company ("Aetna" or "Defendants") (collectively, the "Parties") attended a full-day mediation with Hon. Steven M. Gold, a former United States Magistrate Judge in the Eastern District of New York and a respected and well-known mediator with extensive experience mediating class actions, who successfully mediated a class settlement in a related case against Defendant Aetna Life Insurance Company involving a New York-only class, *Goidel et al. v. Aetna Life Ins. Co.*, Case No. 1:21-cv-07619-VSB-VF, ECF No. 98 (granting preliminary approval).

3. On February 18, 2025, the Parties attended a second full-day mediation with Hon. Steven M. Gold, and made considerable additional progress toward settlement, including by reaching tentative agreement as to injunctive relief.

4. At the end of the mediation, the Parties determined that they needed additional time to gather necessary data, and to continue settlement discussions about monetary relief.

5. The Parties scheduled a third and final mediation session with Hon. Steven M. Gold on March 4, 2025, and reached a settlement in principle as to nearly all material terms regarding substantive monetary and non-monetary relief on that day.

6. At the March 11, 2025 case management conference before the Court, the parties reported that they had reached a settlement in principle but were still negotiating several

1

1  specific items on their term sheet, and the Court vacated all pending deadlines and set a
2  deadline for submitting a motion for preliminary approval of June 20, 2025.

3      7.    The Parties cooperated in good faith to negotiate the final items on their term
4  sheet but only reached agreement on material non-monetary and monetary terms such that they
5  were able to execute a memorandum of understanding on May 23, 2025.

6      8.    The Parties are still drafting and negotiating the terms of the full long-form
7  settlement agreement.

8      9.    The long-form settlement agreement and proposed Class Notice in this matter
9  will require particularly careful crafting to ensure clear and precise notice to all potential Class
10 Members due to the fact that there is one group of Class Members who can be identified, but
11 three other groups of potential Class Members identified based on varying data regarding their
12 preauthorization requests and claim denials in Defendants' systems, and the requirements for
13 those individuals to successfully establish membership in the Class differ, such that the Parties
14 must agree upon a Class Notice that accounts for these differences and/or multiple versions of
15 proposed Class Notice to be sent to different groups.

16     10.    The long-form settlement agreement must additionally include an allocation
17 plan that would make additional funds available to Class Members with higher potential
18 damages than others according to determinations made by a Special Master, which Plaintiff's
19 Counsel is in the process of drafting and will provide to Defendants for review and input.

20     11.    The Parties must also agree on a Claims Administrator with security protocols
21 sufficient to meet Defendants' requirements for the safeguarding of sensitive medical
22 information, and although Plaintiff's counsel has obtained bids from several Administrators,
23 Defendants have informed Plaintiff's Counsel they will need to perform a detailed review to
24 determine the adequacy of security protocols offered by any proposed Administrator.

25     12.    The Parties have conferred and agree that a one-month extension of the deadline
26 to submit the motion for preliminary approval set forth in the Court's March 17, 2025 Order
27 (ECF No. 122), from June 20, 2025 to July 21, 2025, is necessary to provide adequate time for

28

the Parties to negotiate the terms of the long-form settlement agreement, including an allocation plan, agree on Proposed Class Notices, agree on a Claims Administrator, and draft all necessary preliminary approval papers.

13. The Parties have not previously requested an extension of this deadline.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed this 29th day of May, 2025 in Alameda, California.

Dated:  May 29, 2025                             **KATZ BANKS KUMIN LLP**

_____
Rebecca Peterson-Fisher
Attorney for Plaintiff