Barbara J. Chisholm (SBN 224656)
Danielle E. Leonard (SBN 208201)
Connie K. Chan (SBN 284230)
Robin S. Tholin (SBN 344845)
**ALTSHULER BERZON LLP**
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
Email:
bchisholm@altshulerberzon.com
dleonard@altshulerberzon.com
cchan@altshulerberzon.com
rtholin@altshulerberzon.com

Michelle Banker (admitted pro hac vice)
Alison Tanner (admitted pro hac vice)
Noel León (admitted pro hac vice)
**NATIONAL WOMEN'S LAW CENTER**
1350 I Street NW, Suite 700
Washington, DC 20005
Tel: (202) 588-5180
Email: mbanker@nwlc.org
atanner@nwlc.org
nleon@nwlc.org

Rebecca Peterson-Fisher (SBN 255359)
Jennifer L. Liu (SBN 279370)
**KATZ BANKS KUMIN LLP**
235 Montgomery St. Suite 665
San Francisco, CA 94104
Tel: (415) 813-3260
Fax: (415) 813-2495
Email: peterson-fisher@katzbanks.com
liu@katzbanks.com

Hugh Baran (admitted pro hac vice)
Marilyn Robb (admitted pro hac vice)
**KATZ BANKS KUMIN LLP**
111 Broadway, Suite 1702
New York, NY 10006
Tel: (646) 759-4501
Fax: (646) 759-4502
Email: baran@katzbanks.com

Marilyn Robb (admitted pro hac vice)
**KATZ BANKS KUMIN LLP**
11 Dupont Circle NW, Suite 600
Washington, DC 20036
Tel: (202) 299-1140
Fax: (202) 299-1148
Email: robb@katzbanks.com

*Attorneys for Plaintiff and the Putative Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARA BERTON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AETNA INC. and AETNA LIFE INSURANCE COMPANY,<br><br>Defendants. | Case No. 4:23-cv-01849-HSG<br><br>Hon. Haywood S. Gilliam, Jr.<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER PROVISIONALLY CERTIFYING SETTLEMENT CLASS AND PRELIMINARILY APPROVING CLASS SETTLEMENT**<br><br>Hearing: November 6, 2:00 p.m.<br>Location: Courtroom 2<br>Filed:    April 17, 2023 |

1. A hearing regarding this matter came before this Court on November 6, 2025 with Katz Banks Kumin LLP, Altshuler Berzon LLP, and National Women's Law Center appearing as counsel for Plaintiff Mara Berton, and Baker Botts LLP appearing as counsel for Defendants Aetna Inc. and Aetna Life Insurance Co. Based upon the Court's review of Plaintiffs' Notice of Motion and Motion for Order Provisionally Certifying Settlement Class and Preliminarily Approving Class Settlement, the Memorandum of Points and Authorities in Support Thereof, the Declarations of Rebecca Peterson-Fisher ("Peterson-Fisher Decl."), Connie Chan ("Chan Decl."), Alison Tanner ("Tanner Decl."), and Mara Berton ("Berton Decl.") in support thereof, and the exhibits attached thereto, the Court makes the following observations and findings and orders as follows:

## PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

2. The Court finds that the proposed settlement is the product of serious, informed, non-collusive negotiations that occurred with the assistance of an experienced class action mediator, Hon. Steven Gold; the proposed settlement has no obvious deficiencies; the proposed settlement does not improperly grant preferential treatment to Class Representatives or segments of the Class; and the proposed settlement amount falls within the range of possible approval given the risks of continued litigation. Accordingly, the Court grants preliminary approval of the class settlement memorialized in the Settlement Agreement attached to the Peterson-Fisher Declaration as **Exhibit A**. This Order incorporates by reference the Settlement Agreement, including all definitions therein.

## PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASSES

3. The Proposed National Injunctive Relief Class and the Proposed California Damages Class meet all of the requirements for certification of a settlement class under Federal Rule of Civil Procedure 23(a).

4. First, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(1) because both Classes are sufficiently numerous. There are thousands of Aetna members nationwide who are people with uteruses in LGBTQ+ relationships who will be affected by the proposed injunctive relief settlement. Aetna's records show that there are at least 48 Category A members of the

California Damages Class, 165 potential Category B Class Members, and 5,462 potential Category C Class Members, six potential Category D-A Class Members, and 25 potential Category D-B Class Members. Although the total class size will not be known until the deadline to opt out or file claims has expired, Plaintiff expects the Class to be between 100 and 175 people. *See* Tanner Decl. ¶ 61. Accordingly, both Classes are sufficiently numerous.

5. Second, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2) because all Class Members were subject to a common, allegedly unlawful practice. Plaintiff alleges that Aetna's nationally applicable Definition of Infertility facially discriminated based on sex, including sexual orientation and gender identity, in violation of Section 1557 of the ACA. This central issue is common to all National Injunctive Relief Class and California Damages Class members.

6. Third, Plaintiff satisfies Rule 23(a)(3)'s typicality requirement because the named Plaintiff's claims are reasonably co-extensive with those of absent class members. Plaintiff Berton is a cisgender woman married to a cisgender woman: a person with a uterus in an LGBTQ+ relationship with a person who does not produce sperm. Plaintiff was denied IUI coverage on the basis of Aetna's Definition of Infertility and, as a result, incurred out-of-pocket costs for IUI. Presently, any future attempted pregnancy would require Plaintiff to obtain fertility treatment coverage from Aetna. Accordingly, her claims are reasonably co-extensive with those of all other members of both Classes.

7. Fourth, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4) because neither the Named Plaintiff nor Plaintiff's Counsel have any conflicts of interest with other Class Members. Additionally, the Named Plaintiff and Plaintiff's Counsel have vigorously prosecuted the claims on behalf of the Class and will continue to do so. Plaintiff is represented by Class Counsel from three firms with substantial experience litigating class actions. Attorneys Peterson-Fisher, Baran, and Chan have been appointed class counsel in numerous other matters, as set forth in the Peterson-Fisher Declaration and in the Chan Declaration, and as set forth in further detail in the Tanner Declaration, National Women's Law Center attorneys Tanner, Banker, and León have been appointed class counsel in the *Goidel* matter by the New York district court.

8. The National Injunctive Relief Class meets the requirements of Rule 23(b)(2) because Aetna's actions make final injunctive relief or corresponding declaratory relief appropriate respecting the class as a whole. Aetna's Definition of Infertility was incorporated into its plans nationwide and utilized to determine whether to deny or grant preauthorization or claims for fertility treatment. Thus, Aetna has acted on grounds that apply generally to the class, and certification of the National Injunctive Relief Class is appropriate.

9. The California Damages Class meets the requirements of Rule 23(b)(3). Predominance is satisfied because the common question of whether Aetna's Definition of Infertility facially discriminated against plan members seeking fertility treatment in LGBTQ+ relationships by imposing significantly more burdensome requirements on them than on cisgender members in heterosexual relationships predominates over any individual questions concerning Class Members. Individual variation in the fertility treatments Class Members underwent is relevant to damages, not liability, and therefore cannot defeat a showing of predominance. Superiority is satisfied because the alternative to certifying the California Damages Class would be for each of the Class Members to file individual lawsuits. Such an approach would needlessly consume judicial resources when Aetna's uniform policy makes it possible to adjudicate the claims together.

10. The Court provisionally certifies the California Damages Class under Federal Rule of Civil Procedure 23(e), for settlement purposes, defined as:

> All California Commercial Plan members: (1) who were covered during the California Damages Class Period and at the time of service by a plan that offered coverage for infertility treatments; (2) for whom there is not a reason, other than the Definition of Infertility, why the individual did not qualify for coverage for infertility treatments obtained under the individual's healthcare plan; (3) who meet the criteria for Categories A, B, C, or D as set forth below; and (4) who, if members of Categories B, C, or D, file any Attestation and/or Claim Form Submission required by the Settlement Agreement to participate in the Settlement.
>
> Category A:  Category A class members consist of California residents whose Aetna member files contain a denial of a precertification or claim request for one of an agreed-upon set of IUI/ICI codes and whose member files contain information to suggest they were a person with a uterus in an Eligible LGBTQ+ Relationship at the time they sought coverage for IUI/ICI.  Category A members will receive notice of the settlement and will be automatically entitled for all payments unless they opt out.

<u>Category B</u>:  Potential Category B California Damages Class Members consist of California residents whose Aetna member files contain a denial of a precertification or claim request for one of an agreed-upon set of IUI/ICI codes and whose Aetna member files do not indicate they were in a heterosexual relationship at the time they sought coverage. These individuals will receive notice and an opportunity to submit an Attestation certifying they were individuals with uteruses in an Eligible LGBTQ+ Relationship at the time they sought IUI/ICI coverage.  The people who submit an Attestation and meet the other eligibility criteria in this Agreement will be Category B California Damages Class Members entitled to receive settlement payments (as set forth in Part D below).

<u>Category C</u>:  Potential Category C Class Members who will receive direct notice are Aetna members who were either denied or approved for an agreed-upon set of IVF codes during the Class Period. In addition to direct notice to Potential Category C Class Members, the Parties will issue publication notice via an agreed-upon set of publications and/or social media sites. The people who respond with (1) an Attestation certifying they were individuals with uteruses in an Eligible LGBTQ+ Relationship at the time of seeking services during the Class Period, and (2) a Claim Form setting forth evidence satisfactory to the Parties of out-of-pocket costs incurred for IUI/ICI during the Class Period, will be Category C California Damages Class Members entitled to receive settlement payments.

<u>Category D:</u>  Potential Category D Class Members consist of California residents whose Aetna member files contain a denial of a precertification or claim request for one of an agreed-upon set of IUI/ICI codes and whose Aetna member files establish that the individual had a denial that was followed by an approval within 90 days, or was otherwise paid by Aetna. There are two subcategories of potential California Damages Class Members within D:

   i. Category D-A is made up of individuals with uteruses whose Aetna member files contain information to suggest they were in an Eligible LGBTQ+ Relationship at the time they sought coverage;
   ii. Category D-B is made up of individuals with uteruses whose Aetna member files do not indicate they were in a heterosexual relationship at the time they sought coverage.

Potential members of Category D will receive notice and an opportunity to submit a Claim Form setting forth satisfactory evidence of out-of-pocket costs incurred for IUI/ICI during the Class Period, and for potential members of D-B an Attestation confirming they were individuals with uteruses in an Eligible LGBTQ+ Relationship at the time of seeking services during the Class Period.  Individuals who demonstrate eligibility are Category D California Damages Class Members entitled to settlement payments.

11. The Court provisionally certifies the following National Injunctive Relief Class under Federal Rule of Civil Procedure 23(e), for settlement purposes:

Individuals with uteruses in an Eligible LGBTQ+ Relationship who are currently or will be covered during the Class Period for the National Injunctive Relief Class by a commercial health plan provided or administered by Aetna Life Insurance Company in the United States that includes fertility benefits and (1) who meet the clinical criteria for fertility services under the currently operative or any subsequent version of CPB No. 327 other than the criteria challenged in this Civil Action and (2) who currently or will in the future want to obtain coverage for intrauterine ("IUI") or intracervical insemination ("ICI"), or request a form of IVF consistent with Advanced Reproductive Technology ("ART") coverage pursuant to Aetna's

clinical policy requiring trials of less invasive therapeutic approaches as defined in CPB No. 327.

12. Provisional certification of the settlement classes shall be solely for settlement purposes and without prejudice to any party, in the event that the Settlement Agreement is not finally approved.

## APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL

13. The application of Rebecca Peterson-Fisher, Jennifer L. Liu, Hugh Baran, and Marilyn Robb of Katz Banks Kumin LLP; Barbara J. Chisholm, Danielle E. Leonard, Connie K. Chan, and Robin S. Tholin of Altshuler Berson LLP, and; Michelle Banker, Alison Tanner, and Noel León of National Women's Law Center to be appointed as Class Counsel is granted because they meet all of the requirements of Federal Rule of Civil Procedure 23(g).

14. Rule 23(g) sets forth four criteria that this Court must consider in evaluating the adequacy of proposed counsel: (1) "the work counsel has done in identifying or investigating potential claims in the action;" (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;" (3) "counsel's knowledge of the applicable law; and (4) "the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). The Court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1)(B).

15. Plaintiff's Counsel meet all of these criteria. Plaintiff's Counsel have done substantial work identifying, investigating, prosecuting, and settling Plaintiff's and Class Members' claims. Additionally, Plaintiff's Counsel have substantial experience prosecuting and settling class actions and are well-versed in both antidiscrimination law and class action law. Courts have repeatedly found Plaintiff's Counsel to be adequate class counsel in class actions. The work that Plaintiff's Counsel has performed both in litigating and settling this case demonstrates their commitment to the Classes and to representing Class Members' interests.

NOTICE AND SETTLEMENT PROCEDURE

16. Attached as **Exhibit E** to the Peterson-Fisher Declaration are the parties' Proposed Notices.

17. The Court finds that the Proposed Notices fully comply with due process and Federal Rule of Civil Procedure 23. The Proposed Notices provide the best notice practicable under the circumstances. They state the nature of the action, the definition of the Classes certified, and the Class claims, issues, and defenses; they advise Class Members of their right to appear at the Fairness Hearing, opt-out, or object, as applicable to each Category, and they inform Class Members of the binding effect of a class judgment. Additionally, the Proposed Notices describe the terms of the settlement, inform the classes about the allocation of attorneys' fees, costs, and service award, and provide specific information regarding the date, time, and place of the final approval hearing. Further, the Proposed Notices comply with the Northern District of California Procedural Guidance for Class Action Settlements.

18. The Court finds that the distribution of the Proposed Notices by direct mail and through Aetna's secure messaging portal is the best notice that is practicable under the circumstances.

19. The Court appoints Atticus Administration as the Settlement Administrator and directs it to comply with the terms of the Settlement.

20. The Court appoints Hon. Steven M. Gold (Ret.), of JAMS ADR, to act as Special Master under the terms of the Settlement.

21. The Court therefore approves the Proposed Notices and directs their distribution to Class Members as outlined below.

22. The Court will hold a Fairness Hearing on _____ at _____, in Courtroom 2 on the 4th floor of the Oakland Courthouse 1301 Clay Street, Oakland, CA 94612.

//

23. The Court hereby adopts the following settlement procedure:

| | |
|---|---|
| Defendants to provide necessary data to Administrator for Class Notice | 5 days after Preliminary Approval Order |
| Class Notice to be mailed | 14 days after Preliminary Approval Order |
| Response Deadline | 180 days after Class Notice is mailed |
| Special Harm Submissions Sent to Special Master Where Eligibility to Participate is Determined | 15 days after Response Deadline |
| Deadline to Notify Class Members/Potential Class Members of Deficiencies; | 30 days after Response Deadline |
| Last Day for Corrections to deficient submissions | 60 days after Response Deadline |
| Last Day for Special Master to Determine Disputes re: Class Membership; Preliminary Special Harms Allocations to Parties/Administrator | 75 days from Response Deadline |
| Class Size Determination, Deadline for Aetna to determine Dollars for Benefits Payments | 80 days from Response Deadline |
| Deadline for Final Special Harms Allocation Determinations, Determinations of Contested Dollars for Benefits Payments, Redistribution Payments to be determined | 95 days after Response Deadline |
| Final Approval Motion Due | 105 days after Response Deadline |
| Fairness Hearing | 135 days after Response Deadline |
| Funding date | 30 days after Effective Date |
| Payment Date for Settlement Awards, Dollars for Benefits Payments, Service Award, Attorneys' Fees and Costs | 10 business days after Funding Date |
| Payment Date for Dollars for Benefits Payments | 60 days after the Effective Date |
| Check-cashing deadline | 180 days after initial issuance, at least 90 days for re-issued checks |

24. Not later than thirty (30) days before the Fairness Hearing, Plaintiff will submit a Motion for Final Approval and any application for an award of attorneys' fees, costs, and expenses to Class Counsel, and any application for a service award to Plaintiff.

25. If the Court grants Plaintiff's Motion for Final Approval of Class Action Settlement, the Court will issue a Final Order and Judgment.

26. The Parties shall abide by all terms of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED: _____, 2025

_____
Hon. Haywood S. Gilliam, Jr.
United States District Judge